*New Orleans v. Cordeviolle.*

---

## CITY OF NEW ORLEANS *v.* THE COMMERCIAL BANK OF NEW ORLEANS.

Article 123 of the Constitution has reserved the right of the Legislature to exempt any property it deems fit, from taxation altogether. But if it tax at all, then it must tax equally, or in a uniform ratio according to an assessment legally made, all property of the same description, upon which a tax is levied.

I have never considered the Article 123 of the Constitution, to be applicable to the exercise of the taxing power, by municipal corporations, for local purposes.—*Spofford, J.*

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Labatt & Eustis*, for plaintiff. *E. Rawle*, for defendant and appellant.

BUCHANAN, J. This is a suit instituted for city tax on real estate and slaves belonging to defendant, for the year 1852.

The defence is, that the property of the defendant is exempt from any taxation by the city of New Orleans, according to an Act of the Legislature, approved 17th March, 1852.

The Act of the Legislature, pleaded by defendant, provides, that all the property held by the Commercial Bank of New Orleans, for the purpose of transacting their business and supplying the city of New Orleans with water, be and the same are hereby exempted from any taxation by the city of New Orleans, provided that all charitable institutions in the said city be supplied with water, free of charge.

In this court, a point has been made by plaintiff, which does not seem to have been urged in the court below. It is, in effect, that the Act of the Legis-

lature exempting defendant's property from taxation, is contrary to that pro- vision of the Constitution, which declares that all taxation shall be equal and uniform.

It is manifest, that this constitutional provision cannot be invoked by plain- tiff, in the present case. The Article 123, which contains it, has also explained the meaning of the provision in a mode which leaves no room for doubt. All property, says the Article, on which taxes may be levied in this State, shall be taxed in proportion to its value, to be ascertained as directed by law. No one species of property shall be taxed higher than another species of property, on which taxes shall be levied.

It is clear, that this Article has reserved the right of the Legislature to exempt any property it deems fit, from taxation altogether. But if it tax at all, then, says the Constitution, it must tax equally, or in a uniform ratio, according to an assessment legally made, all property of the same description, upon which a tax is levied. Thus, in the case of *Cumming* v. *Police Jury of Rapides*, relied upon by plaintiff's counsel, the lands of the inhabitants of a particular district of the parish of Rapides, were taxed specially by the Police Jury of the parish, in addition to the tax levied upon the lands of the same persons, in common with the lands of all other inhabitants of the parish. In other words, the inhabitants of that district were assessed for two taxes, while those of the other districts of the parish were assessed for but one, for prop- erty of the same species; which was held to be unconstitutional. It is at once seen, that there is no analogy between the case stated, and the case at bar.

But the plaintiff has put his right to recover upon the ground, that defen- dant has not complied with the proviso found in the Act of the Legislature in question; and on this point, it has been proved, that although the defendant supplies water, free of charge, to those charitable institutions situated on the line of its water pipes, yet there are various other charitable institutions which it neglects, and some of which it has even refused to supply, on the ground that said institutions are in parts of the city not traversed by its pipes.

We think the plaintiff has mistaken the legal consequence of such neglect and refusal. The Act of the Legislature confers a privilege upon the defen- dant, coupled with an onerous obligation. The privilege is an exemption from municipal taxation. The obligation is a gratuitous supply of water to all charitable institutions in the city of New Orleans. Now, it is obvious that the obligation was not intended to enure to the benefit of the city corporation ; but rather the contrary. For the apparent gratuity is in reality defrayed by the city, in the deprivation of a prolific source of revenue. So far, therefore, from being interested in enforcing the performance of the obligation imposed on defendant by the Act of the Legislature in question, the city has a direct adverse interest. The parties in whose favor the stipulation has been made, are the charitable institutions of the city, severally. And every party coming under that denomination has, by law, an action against defendant to enforce the obligation. C. P., Article 35. Considering the Act of 17th March, 1852, as a contract, there can be no dispute of its having been accepted, *cum onere*, by the defendant. The defence pleaded in this action, is conclusive proof of that fact. How, then, can the city treat it as a nullity?

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment for defendant, with costs in both courts.

SPOFFORD, J. ' In addition to what is said in the opinion of Mr. Justice BUCHANAN, I would remark that I have never considered the Art. 123 of the Constitution, to be applicable to the exercise of the taxing power by municipal corporations for local purposes.

NOTE.—MERRICK, O. J., took no part in this decision, not having been present at the argument.